UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOMINIC TRINGALE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-11613-IT |
| | * | |
| COMMONWEALTH OF MASSACHUSETTS and SOCIAL SECURITY ADMINISTRATION, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER

May 4, 2015

TALWANI, D.J.

Plaintiff Dominic Tringale filed a Complaint [#1] on April 16, 2015, alleging various causes of action against Defendants in connection with his state court family and probate proceedings. On April 22, 2015, Plaintiff filed the following *ex parte* motions: (1) Motion for Injunction [#5], in which Plaintiff seeks a temporary restraining order under Federal Rule of Civil Procedure 65(b) barring the Commonwealth of Massachusetts from incarcerating him for reasons relating to this action; (2) Motion to Impound [#7], in which Plaintiff seeks an order directing this court or the Department of Justice to seize and make certified copies of Plaintiff's state court family and probate court case files and inquire as to whether audio recordings of his state court proceedings exist; and (3) Motion to Compel [#9], in which Plaintiff seeks an order compelling the State of New Hampshire to reinstate his driver's license. On April 28, 2015, Plaintiff filed a Motion for ECF Access [#11]. And on May 4, 2015, Plaintiff filed an Emergency Motion to Hear Four Filed Motions [#13], requesting that the court hear the motions

described above. Plaintiff requests that the court decide the above-referenced motions before he serves Defendants with the Summons and Complaint.

Under Rule 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party only if the movant can "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Because the court finds that Plaintiff has not met this requirement, it DENIES Plaintiff's *ex parte* Motion for Injunction [#5].

The court further notes that "[a] preliminary injunction or temporary restraining order is an 'extraordinary remedy' that may only be entered if the plaintiff makes a clear showing that it is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "To obtain a preliminary injunction, the plaintiffs bear the burden of demonstrating (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." Nieves–Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003). If Plaintiff renews his motion after Defendants have been served, he must satisfy this standard in order for this court to grant his requested relief.

As to Plaintiff's Motion to Impound [#7] and Motion to Compel [#9], the court declines to address these motions until Defendants have been served and have had an opportunity to respond to the motions. Plaintiff's Motion for ECF Access [#11], however, is ALLOWED.

As a result of this order, Plaintiff's Emergency Motion to Hear Four Filed Motions [#13] is DENIED AS MOOT.

IT IS SO ORDERED.

May 4, 2015                                             /s/ Indira Talwani
                                                        United States District Judge