UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOMINIC TRINGALE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-11613-IT |
| | * | |
| COMMONWEALTH OF | * | |
| MASSACHUSETTS and SOCIAL | * | |
| SECURITY ADMINISTRATION, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 19, 2016

TALWANI, D.J.

Before the court is Defendant Commonwealth of Massachusetts's Motion to Dismiss [#24]. For the reasons set forth below, the motion is ALLOWED.

Plaintiff brings claims against the Commonwealth for violations of: (1) 18 U.S.C. § 242 ("Deprivation of Rights Under the Color of Law") based on the Seventh, Eighth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution, (2) 18 U.S.C. § 241 ("Conspiracy Against Rights"), (3) 18 U.S.C. § 1964 ("Racketeering"), (4) 18 U.S.C. § 1509 ("Obstruction of Court Orders"), (5) 18 U.S.C. § 1512 ("Tampering With Victim"), (6) 18 U.S.C. § 1584 ("Involuntary Servitude"), (7) 18 U.S.C. § 1581 ("Peonage"), (8) 18 U.S.C. § 1951 ("Extortion"), (9) 18 U.S.C. § 1201 ("Kidnapping"), and (10) 18 U.S.C. § 1962 ("Racketeering").  Plaintiff alleges that he has been forced to pay improperly calculated child support to his ex-wife, Compl. ¶¶ 5-7, he has been jailed for failing to pay child support despite his inability to pay, id. ¶ 11, judicial and court officers were biased against him in divorce and restraining order proceedings, id. ¶¶ 10, 11, 13, 16, and he has lost his driver's license, electrician's license, the ability to support himself

Case 1:15-cv-11613-IT Document 35 Filed 01/19/16 Page 2 of 3

financially, and access to his daughter as a result of the Commonwealth's actions. Id. ¶ 18. Plaintiff demands "relief from incarceration," the return of his licenses and files, about $60 million in damages, and a Department of Justice investigation into the Probate and Family Court. Compl.[1]

The Commonwealth moves to dismiss on the ground that Plaintiff's claims are barred by the Eleventh Amendment and this court therefore lacks subject matter jurisdiction. Plaintiff's suit is against a state, the Commonwealth, and its agencies, the Department of Revenue and the Essex County Probate and Family Court. The Eleventh Amendment bars suits "commenced or prosecuted against one of the United States by citizens of another state," U.S. Const. amend. XI, and the Supreme Court has explained that despite the limited terms of the Eleventh Amendment, a federal court also may not entertain a suit brought by a citizen against his own State. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). For that reason, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst St. Sch. & Hosp., 465 U.S. at 100.

Of course, Eleventh Amendment immunity is not absolute. A state may not be immune from suit in any one of the following circumstances: 1) the state consents to suit in a federal forum; 2) a state waives its own immunity by statute; 3) Congress has abrogated the state immunity clearly and "in furtherance of particular powers"; or 4) "other [federal] constitutional imperatives . . . take precedence over the Eleventh Amendment's federal-court bar." Metcalf & Eddy, Inc. v. P.R. Aqueduct and Sewer Auth., 991 F.2d 935, 938-39 (1st Cir. 1993). Plaintiff has not argued, however, that one of these exceptions applies and the court finds no exception

---

[1] The claims against the Social Security Administration have been dismissed. Order [#31].

applicable here.  Accordingly, this suit is barred by the Eleventh Amendment, and this court therefore lacks subject matter jurisdiction over the matter.

The Commonwealth moves further for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.   Lacking subject matter jurisdiction, the court declines to reach these arguments.

For the foregoing reasons, the Commonwealth's Motion to Dismiss is ALLOWED.

IT IS SO ORDERED.

January 19, 2016 /s/ Indira Talwani
United States District Judge